IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 1:17-CV-24345-KMW**

ALINA SCHUH,

                Plaintiff,

v.

AMERICAN EXPRESS BANK, FSB,
EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS,
INC., AND TRANS UNION, LLC,

                Defendants.

                                          /

**DEFENDANTS EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S
JOINT MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND
<u>INCORPORATED MEMORANDUM OF LAW</u>**

COMES NOW, Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union") (collectively "Defendants"), and file this Joint Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law pursuant to Federal Rules of Civil Procedure 12(b)(6) and would respectfully show the Court as follows:

**I.    BACKGROUND**

Plaintiff Alina Schuh ("Plaintiff") alleged that Defendants inaccurately reported her American Express Bank, FSB ("AMEX") account as "delinquent" and as a "charge off" when the debt was "non-existent" due to an involuntary dismissal entered in an underlying lawsuit between AMEX and Plaintiff.[1]  Plaintiff alleged that, in March 2012, AMEX sued her in Miami-

---

[1] (Dkt. 37, ¶¶21, 25, 27, 28, 31, 36, 40, 47, 53, 57-59, 64-66, 71, 72, 79, 80, 87-89, 94-96).

Dade County for default of payment of an outstanding amount of $12,255.48 ("Lawsuit").[2] Plaintiff alleged that, on August 11, 2016, an Order of Dismissal ("Order") was entered, dismissing the case against Plaintiff.[3]  The Lawsuit was dismissed based upon the perceived failure of AMEX to submit a mediation form, without the state court ever considering the merits of AMEX's claims.  In her Complaint, Plaintiff cited to Florida Rule of Civil Procedure 1.420(b) to stand for the proposition that the dismissal was an "involuntary dismissal" that operated as an adjudication on the merits.[4]  Plaintiff also contended that she served and filed in the Lawsuit a "Motion to Determine Entitlement to Costs and Attorney's Fees" pursuant to Florida Statutes Sec. 57.105(4) and Florida Rule of Civil Procedure 1.525, alleging she was lawfully entitled to recover her attorney's fees on the basis that she was the "prevailing party" in the Lawsuit.[5] Plaintiff further alleged AMEX complied with an Agreed Order Awarding Attorney Fees and paid the amount ordered.[6]  The crux of Plaintiff's allegations is that Defendants' violated the Fair Credit Reporting Act ("FCRA") by continuing to report the delinquency of a "non-existent" debt after the Lawsuit was dismissed.[7]

In her Complaint, Plaintiff pled legal issues, not factual inaccuracies that a consumer reporting agency is required to resolve under the under the FCRA.  Further, while the Order precluded AMEX from suing to collect the debt owed by Plaintiff, the Order did not eliminate the debt itself.  Because the debt was not extinguished by the Order, it was not inaccurate for Defendants to report the debt.  Therefore, Plaintiff's §§ 1681i and 1681e claims must fail.

---

[2] (Dkt. 37, ¶¶14, 15).
[3] (Dkt. 37, ¶17).
[4] (Dkt. 37, ¶¶18-19).
[5] (Dkt. 37, ¶¶20-22).
[6] (Dkt. 37, ¶23).
[7] (Dkt. 37, ¶¶21, 25, 27, 28, 31, 36, 40, 47, 53, 57-59, 64-66, 71, 72, 79, 80, 87-89, 94-96).

9785477.1/SP/83057/3138/030618

To the extent Plaintiff alleged defamation claims against Defendants, those claims are likely preempted by the FCRA. Finally, Plaintiff requested statutory damages, but failed to plead any facts regarding any act or omission by Defendants that could constitute a willful violation of the FCRA. Accordingly, Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(6).

## II. APPLICABLE LEGAL STANDARDS

### A. 12(b)(6) Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint when a plaintiff's allegations fail to set forth facts which, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The pleadings must raise the right to relief beyond the speculative level, and a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a motion to dismiss, the Supreme Court instructed lower courts to consider "[t]wo working principles." *Iqbal*, 556 U.S. at 678. First, the court is not required to accept as true legal conclusions couched as factual allegations. *Id.* Second, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Twombly*, 550 U.S. at 570.) "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not 'show[n]'…'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing FED. R. CIV. P. 8(a)(2)).

In considering a 12(b)(6) motion, the Court should accept all well-pleaded facts in the

Complaint as true and draw all inferences in the plaintiff's favor. *Craft v. Olszewski*, 428 F. App'x 919, 921 (11th Cir. 2011). However, the "duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for the plaintiff." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (quotations omitted). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Indeed, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

### III.     ARGUMENTS AND AUTHORITIES

**A.     Plaintiff Pled a Legal Issue Not a Factual Inaccuracy and Defendants are Not Required to Make Legal Determinations.**

To survive a motion to dismiss, Plaintiff must allege facts supporting the essential elements of each of her claims. *Wilchombe*, 555 F.3d at 958. Plaintiff alleged Defendants failed to conduct a reasonable investigation regarding the disputed information.[8] A § 1681i claim requires Plaintiff to plead there was inaccurate information contained in her credit reports prepared by Defendants. *Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1320, 1329 (S.D. Fla. 2011) ("To state a claim for a violation of FCRA section 1681i(a) a plaintiff must allege . . . the [consumer report in dispute] contains inaccurate or incomplete information . . .") (internal quotations omitted); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010) (Under § 1681i, a plaintiff "must make a 'prima facie showing of inaccurate reporting.'"). While unclear, to the extent Plaintiff has alleged a § 1681e claim,[9] such a claim also requires

---

[8] (Dkt. 37, ¶¶57, 58, 64, 65, 71, 73, 79, 81, 87, 88, 94, 95).
[9] Plaintiff vaguely stated that Defendants willfully or negligently violated 15 U.S.C. § 1681e(b), but failed to adequately allege any facts which, if true, would entitle her to relief. *Iqbal*, 556

Plaintiff to plead an inaccuracy in her credit reports. *See, e.g., Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 826 (11th Cir. 2009); *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156-60 (11th Cir. 1991) (Under § 1681e(b), "a consumer must present evidence tending to show that a credit reporting agency prepared a report containing 'inaccurate' information."). Plaintiff's Complaint should be dismissed in its entirety because Plaintiff pled a legal issue rather than a factual inaccuracy in her credit report.

Plaintiff argues that Defendants' reporting was inaccurate because the debt was "non-existent," not because Plaintiff did not actually owe the debt to AMEX, but because she received an "adjudication on the merits" pursuant to a Florida Rule of Civil Procedure.[10]  In other words, Plaintiff's "reinvestigation" claims are not that Defendants reported any incorrect <u>factual</u> information about the AMEX account, but rather that Defendants failed to adopt Plaintiff's <u>legal position</u> as to the validity of the debt on that account.  Plaintiff's reinvestigation claims are meritless because they are inconsistent with case law in this and other Circuits, which stands for the proposition that the consumer reporting agencies ("CRAs"), like Defendants, are not required to take a consumer's legal position as to the existence or nonexistence of a debt obligation.  It is well settled that only factual inaccuracies, not legal inaccuracies, can give rise to liability under the FCRA.  *Carvalho*, 629 F.3d at 891 (explaining credit bureaus are "not tribunals").

The First Circuit analyzed claims like Plaintiff's in *DeAndrade v. Trans Union LLC*, 523 F.3d 61 (1st Cir. 2008). In *DeAndrade*, plaintiffs hired a contractor to replace windows, and they "were 'shocked' to discover that the documents granted a mortgage on their residence to KeyBank and that their signatures on the documents appeared to have been forged." *Id.* at 63.

---

U.S. at 679; (Dkt. 37, ¶¶57, 61, 64, 68, 71, 76, 79, 84, 87, 91, 94, 98).

Plaintiffs sued KeyBank in state court; disputed KeyBank's mortgage as it appeared on their credit reports; and eventually sued Trans Union for continuing to report information about the KeyBank mortgage. *Id.* at 64.

Trans Union moved for summary judgment and argued that the suit was "an impermissible collateral attack on the validity of the KeyBank loan through the FCRA." *Id.* The court granted Trans Union's motion, on the basis that the plaintiffs "had ratified the KeyBank debt, rendering Trans Union's report of that debt accurate." *Id.* at 65. On appeal, the First Circuit affirmed, but on a different basis.

The First Circuit held that CRAs do not have a duty to resolve legal disputes regarding whether a loan account is or is not legally binding on the consumer:

> Whether the mortgage is valid turns on questions that can only be resolved by a court of law, such as whether DeAndrade ratified the loan. This is not a factual inaccuracy that could have been uncovered by a reasonable reinvestigation, but rather a legal issue that a credit agency such as Trans Union is neither qualified nor obligated to resolve under the FCRA.
>
> We therefore find it unnecessary to reach the question of ratification. The information reported by Trans Union was accurate not because DeAndrade had ratified the loan (although that may also be true), but because it did not state any factual deficiency that could have been resolved by a reasonable reinvestigation conducted by the credit bureau ….
>
> In essence, DeAndrade has crossed the line between alleging a factual deficiency that Trans Union was obliged to investigate pursuant to the FCRA and launching an impermissible collateral attack against a lender by bringing an FCRA claim against a consumer reporting agency.

*DeAndrade*, 523 F.3d at 68.

The holding in *DeAndrade* was adopted by the Seventh, Ninth, and Tenth Circuits. *Carvalho*, 629 F.3d at 892 ("We agree that reinvestigation claims are not the proper vehicle for

---

[10] (Dkt. 37, ¶¶18, 19).

collaterally attacking the legal validity of consumer debts"); *Johnson v. Trans Union, LLC*, 524 Fed. Appx. 268, 270 (7th Cir. 2013) (affirming summary judgment because "there is no evidence that the defendants reported any inaccurate information about" plaintiff); *Wright v. Experian Info. Solutions, Inc.*, 805 F.3d 1232, 1242 (10th Cir. 2015) ("A reasonable reinvestigation, however, does not require CRAs to resolve legal disputes about the validity of the underlying debts they report").

The holding in *DeAndrade* was also anticipated by courts in this Circuit, and it has been followed by others. In *Cahlin*, the plaintiff alleged that while his contract with GMAC contained an early termination penalty, a salesperson had assured him that it would not be enforced. 936 F.2d at 1154. GMAC initially applied a penalty – and two consumer reporting agencies reported the penalty before the plaintiff ultimately agreed to and consummated a settlement with GMAC. *Id.* at 1154-56. The plaintiff alleged that the CRAs had violated the FCRA by reporting information about his account that was inconsistent with his oral agreement with the salesperson and/or his settlement with GMAC. *Id.* at 1159.

The district court granted summary judgment to both CRAs and the Eleventh Circuit affirmed. *Id.* at 1161. It found that the agencies were not liable for either reporting inaccurate information on their initial reports, or for refusing to correct that information in response to plaintiff's disputes, because the information they reported was accurate. *Id.* at 1156, 1160 ("No reasonable investigation on the part of CBI could have uncovered any inaccuracy in Cahlin's report because there was never any factual deficiency in the report").

In *Williams v. Colonial Bank*, 826 F. Supp. 415 (N.D. Ala. 1993), the plaintiff alleged that a CRA violated the FCRA because it refused to delete two public records that appeared on its reports. The court granted the defendant's motion for summary judgment, stating that "no

7

reasonable investigation on the part of the Credit Bureau would have uncovered any inaccuracy in Williams's report because there was no factual deficiency." *Id.* at 418 (cited in *DeAndrade*, 523 F.3d at 69).

In *Pagazani v. Equifax Info. Servs., LLC*, No. 15-cv-61467, 2016 U.S. Dist. LEXIS 68563 (S.D. Fla. May 24, 2016), the plaintiff alleged that Equifax violated the FCRA by including information about an account that his wife opened – and on which he was only an authorized signer – on his reports. The court granted Equifax's motion for summary judgment, stating that "a CRA is not obligated to report information about a disputed item simply because the consumer asserts a legal defense." *Id.* at *14. Indeed, the court held the plaintiff's challenge to the CRA's reporting was "not a factual inaccuracy that could have been uncovered by a reasonable reinvestigation, but rather a legal issue [implicating applicable banking and commerce laws] that a credit agency . . . is neither qualified nor obligated to resolve under the FCRA." *Id.*

In summary, courts throughout the country have held that if a plaintiff cannot identify information in a consumer report or file disclosure that was inaccurate, and instead claims that the information should not have been reported due to a side deal or legal dispute with the lender, the consumer reporting agency has not violated the FCRA. Similarly, courts have dismissed a plaintiff's claim if they require a third party to "scour" a bankruptcy file and make judgments about which debts are included, as this "is precisely the kind of legal question the credit reporting agencies are neither qualified nor obligated to answer." *Hupfauer v. Citibank, N.A.*, No. 16 C 475, 2016 U.S. Dist. LEXIS 112227, at *22-23 (N.D. Ill. Aug. 19, 2016).

Here, this Court should apply the *DeAndrade* rule and dismiss Plaintiff's Complaint. Plaintiff's "reinvestigation" claims are that Defendants' should not have reported information

9785477.1/SP/83057/3138/030618

about the AMEX account because her debt to AMEX is "non-existent" in light of the legal effect of the Order. However, Plaintiff's claim is not about a "factual inaccuracy that could have been uncovered by a reasonable investigation, but rather a legal issue that [credit agencies] such as [Defendants] [are] neither qualified nor obligated to resolve under the FCRA." *DeAndrade*, 523 F.3d at 68.

Indeed, Defendants were not required to, nor could they, interpret the meaning of the Order; research, understand, and interpret the Florida Rules of Civil Procedure to determine whether the dismissal was actually considered to be an adjudication on the merits;[11] understand the legal effect of an adjudication on the merits, understand the Motion to Determine Entitlement to Costs and Attorney's Fees, understand what a "prevailing party" is and why that may or may not matter, and interpret whether the debt to AMEX was "non-existent." These are not factual inaccuracies that Defendants were required or obligated to interpret under the FCRA. The only alleged inaccuracy contained in Plaintiff's Complaint is based on legal contentions that may only be dissected by making legal interpretations and conclusions regarding the Plaintiff's debt and the Florida Rules of Civil Procedure's treatment of the Order entered in the Lawsuit. Accordingly, this Court should grant Defendants' Motion to Dismiss.

**B.     The Characterization of an Involuntary Dismissal in the Florida Rules of Civil Procedure as an "Adjudication on the Merits" Does Not Mean the Debt Was Extinguished**

Even assuming *arguendo*, that Defendants were charged with making legal determinations, which they are not, the effect of the Order does not extinguish Plaintiff's debt to AMEX; therefore, Defendants' reporting Plaintiff's debt as "delinquent" or as a "charge off"

---

[11] Dismissals for lack of jurisdiction, for improper venue, or for lack of an indispensable party do not operate as adjudications on the merits. FLA. R. CIV. P. 1.420(b).

cannot be inaccurate.  In Plaintiff's Amended Complaint, she attached an Order of Dismissal dismissing the AMEX's Lawsuit against Plaintiff for AMEX's failure to submit a mediation form by a deadline provided by the court.[12]  Plaintiff claims that, pursuant to Florida Rule of Civil Procedure 1.420(b), the involuntary dismissal by the court operated as an adjudication on the merits, rendering the debt owed to AMEX "non-existent."[13]  In other words, Plaintiff erroneously contends that the "adjudication on the merits" resulting from the involuntary dismissal had the legal effect of extinguishing the debt to AMEX and, thus, Defendants' reporting of the debt as "delinquent" and as a "charge off" was inaccurate.[14]

There is no legal or factual support for the proposition posed by Plaintiff that an "adjudication on the merits" is synonymous with a judgment entered by a court on the merits of the case, or that such a judgment somehow operates as a matter of law as a determination of the rights or obligations of the parties to the Lawsuit on the underlying claims.  In dismissing AMEX's claims in the Lawsuit, the court did not reach the merits of those claims and the characterization of the dismissal as an "adjudication on the merits" under Fla. R. Civ. P. 1.420(b) does not mean, as Plaintiff suggests, that the result should be treated as if the state court actually considered the merits of AMEX's claims.  At most, the dismissal of the Lawsuit precludes AMEX from refiling its claim against Plaintiff in state court and, thus, to the extent the dismissal is given claim-preclusive effect, only limits the judicial remedies available to AMEX.  *See Dawe v. Capital One Bank*, 456 F. Supp. 2d 236, 242 (D. Mass. 2006) (In state court, Capital One's collection action was dismissed as a discovery sanction for Capital One's failure to comply with

---

[12] (Dkt. 37-1, p. 2).
[13] (Dkt. 37, ¶¶19, 21).
[14] (Dkt. 37, ¶¶25, 28, 36, 59, 66, 72, 80, 89, 96).

9785477.1/SP/83057/3138/030618

a discovery order. The court held "that the state court dismissal—though it may deprive Capital One of a judicial mechanism of recovering the loan—does not erase [the plaintiff's] underlying indebtedness.")

The recent case of *Dacumos v. Toyota Motor Credit Corporation*, No. C17-0964-RSM, 2017 U.S. Dist. LEXIS 206744 (W.D. Wash. Dec. 15, 2017) makes clear that Plaintiff's allegations are insufficient to support a claim against Defendants for violation of the FCRA. In *Dacumos*, the Western District of Washington considered and rejected the same argument offered by Plaintiff here. The plaintiff in *Dacumos* was sued by Toyota in Washington state court to recover for a defaulted loan and "successfully defended Toyota's action and. . .obtained an Order of Dismissal With Prejudice of all of Toyota's claims against her." *Id.* at *2. Like the Plaintiff here, Dacumos argued that the dismissal "operates as a judgment on the merits, and therefore effectively operates to nullify any amount owed to [Toyota]." *Id.* at *8. The plaintiff in *Dacumos* further argued, as does Plaintiff here, that:

> [l]egally, [Toyota's] credit reporting is inaccurate because in the State of Washington, dismissal of a civil action 'with prejudice,' even if agreed, is a final judgment on the merits of the controversy. When the controversy involves a lender's attempt to collect an account, a dismissal with prejudice resolves liability for the underlying account, and renders the balance uncollectable.

Exhibit A, *Plaintiff's Response in Opposition to Toyota Motor Credit Corporation's Motion to Dismiss*, at p. 2.

The court in *Dacumos* rejected these arguments from the plaintiff. Instead, in citing to *Dawe,* 456 F. Supp. 2d 236 and *Plaza Bank v. Green Family Trust*, No. 2:11-cv-130-RCJ-RJJ, 2011 U.S. Dist. LEXIS 141044, *15-16 (D. Nev. Dec. 7, 2011), a case that rejected the argument that a charge-off extinguishes liability for a debt, the court held that "the Order of Dismissal does

not preclude [Toyota] from reporting a charged off debt, and **does not require it to report a $0 balance.**" *Dacumos*, 2017 U.S. Dist. LEXIS 206744 at 13 (emphasis added). Plaintiff, like Dacumos, misapprehends the effect of the dismissal on the existence and reporting of the underlying debt. While the dismissal may preclude American Express from suing Plaintiff over the debt in the future, the dismissal does not mean that the debt is extinguished. That reporting of the debt can continue after dismissal is particularly appropriate here because the dismissal was not the result of a trial or substantive motion practice, but because American Express apparently did not file a "Mediation Form."[15]  As the *Dawe* court held, a debt is not extinguished where a case is dismissed as a discovery sanction. *Dawe*, 456 F. Supp. 2d at 242. If dismissal as a discovery sanction does not extinguish a debt, then surely dismissal for failure to file a Mediation Form does not either. This Court should follow the lead of the *Dacumos* court, the *Dawe* court, and others and hold that the dismissal at issue here does not extinguish the underlying debt and therefore dismiss Plaintiff's complaint.

A number of courts have considered the analogous context of a debt that is time-barred by a statute of limitations and have held that "while the statute of limitations may eliminate a judicial remedy, it does not extinguish the underlying indebtedness." *See Dawe*, 456 F. Supp. 2d at 242; *Budhi v. BAC Home Loans Servicing, L.P.*, No. 11-cv-2785, 2012 U.S. Dist. LEXIS 67030, at *14 (N.D. Ga. Apr. 16, 2012) (bank "did not err in verifying the debt's existence" and, therefore, did not violate the FCRA where it was "evident that Plaintiff's debt was not extinguished" by the running of the statute of limitations. Rather, Plaintiff simply had "a complete legal defense against having to pay it.") (report & recommendation adopted, 2012 U.S. Dist. LEXIS 66808 (N.D. Ga. May 11, 2012); *Saylor v. Pinnacle Credit Servs.*, 118 F. Supp. 3d

---

[15] (Dkt. 37-1, p. 2).

881, 886 (E.D. Va. 2015) ("Plaintiff argue[d] Pinnacle violated the [FCRA] by reporting an account on which the applicable five year statute of limitations had run. This claim is without merit as a matter of law. . . . [T]he running of the statute of limitations merely bars the creditor's remedy but does not extinguish the debt.") (internal quotations and citations omitted); *see also*, *Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613, 616 (N.D. Ill. 2001) (statute of limitations bars specific remedy, but does not extinguish indebtedness)*; Wallace v. Capital One Bank*, 168 F. Supp. 2d 526, 528 (D. Md. 2001) (statute of limitations does not extinguish debt but only provides defense against collection); *Shorty v. Capital One Bank*, 90 F. Supp. 2d 1330, 1332 (D.N.M. 2000) (statutes of limitations merely bar judicial remedies by which party seeks to enforce substantive rights); *Johnson v. Capital One Bank*, No. Civ. A. SA-00-CA-315-EP, 2000 U.S. Dist. LEXIS 13311, at *6 (W.D. Tex. May 19, 2000) (creditors entitled to attempt to pursue even time-barred debts so long as they comply with FDCPA).

Similarly, anti-deficiency statutes generally prohibit mortgage lenders from suing borrowers for the discrepancy between the mortgage balance and the selling price at foreclosure. *See e.g., Prianto v. Experian Info. Solutions, Inc.*, No 13-cv-03461-TEH, 2014 U.S. Dist. LEXIS 94673, at *2 (N.D. Cal. July 10, 2014).  However, "the fact that Plaintiff's debt was subject to [the anti-deficiency statute] does not eliminate the underlying debt.  *Id.* at 15-16; *see also Viecelli v. Seacoast Nat'l Bank*, No. 6:15-cv-682-ORl-41KRS, 2017 U.S. Dist. 60921, at *14 (M.D. Fla. Apr. 21, 2017).

In all of these cases, the fact that the creditor did not have a judicial remedy did not mean that the underlying debt was extinguished or altogether uncollectible.  Similarly, here, the dismissal of the Lawsuit did not operate to eliminate the debt and, accordingly, the underlying debt is valid.  If the debt is valid, there can be no liability for a furnisher, like AMEX, to

9785477.1/SP/83057/3138/030618

accurately report the existence of the debt to CRAs and no liability under the FCRA for Defendants to report the AMEX debt on Plaintiff's credit file. *See Prianto*, 2014 U.S. Dist. LEXIS 94673, at *16; *Budhi*, 2012 U.S. Dist. LEXIS, at *14. Because it was not inaccurate for Defendants to report the AMEX debt on Plaintiff's credit files, Plaintiff's §§ 1681i and 1681e(b) claims must fail.

### C.   Plaintiff's Possible Defamation Claim is Preempted by the FCRA and Should Be Dismissed

Plaintiff alleged Defendants have "falsely disparaged" her "credit history, credit rating and ability to obtain credit."[16] While not clear, but to the extent Plaintiff is making defamation claims against Defendants, her claims should be dismissed. The FCRA makes clear that no consumer may bring any action for defamation against a consumer reporting agency, with respect to the agency's disclosure of information pursuant to provisions of the FCRA, "except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). Here, Plaintiff's purported claims for defamation against Defendants arise out of Defendants' alleged disclosure of information pursuant to the provisions of the FCRA.

Section 1681h(e) states that without a showing of willful intent to injure or publication of a report with malice, any state or common law claims for defamation or negligence are preempted. *See* 15 U.S.C. § 1681h(e). "Recovery for common law defamation is precluded by the FCRA where the information that gives rise to the cause of action is disclosed pursuant to FCRA provisions, unless the consumer pleads and proves malice or willful intent to injure." *Lee v. Sec. Check, LLC*, 2010 U.S. Dist. LEXIS 82630, at *13 (M.D. Fla. Aug. 5, 2010).

Here, it is unclear whether Plaintiff intended to allege defamation claims against

---

[16] (Dkt. 37, ¶¶ 60, 67, 75, 83, 90, 97).

9785477.1/SP/83057/3138/030618

Defendants; however, to the extent she has, Plaintiff's claim would likely be preempted by the FCRA. Further, Plaintiff has failed to provide any facts which, if true, would entitle the complainant to relief. *Iqbal*, 556 U.S. at 679. Accordingly, to the extent Plaintiff is making defamation claims against Defendants, those claims should be dismissed.

**E.     Plaintiff's Claim for Statutory Damages Must be Dismissed**

Plaintiff claimed that she is entitled to statutory damages pursuant to 15 U.S.C. § 1681n.[17] Specifically, Plaintiff alleged Defendants (1) "willfully failed and refused to acknowledge that the final, binding and non-appealable Order of Dismissal and Agreed Fee Order . . . constituted an adjudication on the merits . . . [;]" (2) "willfully failed to disclose in its reports that the purported indebtedness had been disputed by Plaintiff, that AmEx had sued Plaintiff but the Lawsuit had resulted in an adjudication on the merits in her favor, and that AmEx had paid her attorney's fee as the prevailing party in the Lawsuit[;]" and (3) willfully violated the FCRA.[18] However, none of these allegations support a willfulness claim.

Section 1681n subjects a consumer reporting agency to potential punitive damages in the event of a willful violation of the FCRA. In order to adequately plead willfulness, a Plaintiff must show that a CRA either knowingly or recklessly violated the requirements of the FCRA. "To prove a reckless violation, a consumer must establish that the action of the agency 'is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.'" *Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314, 1318 (11th Cir.

---

[17] (Dkt. 37, ¶¶56, 61, 70, 76, 86, 91).

[18] (Dkt. 37, ¶¶59, 61, 72, 76, 89, 91).

2009) (quoting *Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201, 2215 (1994)). "An interpretation that favors the agency must be 'objectively unreasonable' under either the text of the Act or 'guidance from the court of appeals or Federal Trade Commission that might have warned [the agency] away from the view it took.'" *Id*. In deciding whether a defendant acted willfully, many courts consider (1) whether a court of appeals has issued an opinion, (2) whether the FTC has issued authoritative guidance. *Safeco*, 127 S. Ct. at 2216. (citations omitted); *Newlin v. Comcast of Ind., Inc*., No. 2:12-cv-430-TLS, 2015 U.S. Dist LEXIS 8852, at *8,*9 (N.D. Ind. Jan. 27, 2015) (Court considered FTC authoritative guidance and circuit court decisions when making a willful determination).

    Plaintiff has cited no authoritative guidance or appellate court decisions to support a finding that Trans Union's reporting was "objectively unreasonable." Accordingly, as a matter of law, Plaintiff's allegations cannot support a willfulness finding.

### IV.  **CONCLUSION**

    For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's Amended Complaint with prejudice in its entirety pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Dated: March 6, 2018.

                                    Respectfully submitted,

                                    */s/ Franklin G. Cosmen, Jr.*
                                    **FRANKLIN G. COSMEN, JR.**
                                    Florida Bar No. 0089214
                                    **QUINTAIROS, PRIETO, WOOD & BOYER P.A.**
                                    9300 S. Dadeland Blvd, 4th Floor
                                    Miami, Florida  33156
                                    Telephone: (305) 670-1101
                                    Facsimile: (305) 670-1161
                                    Email: fcosmen@qpwblaw.com

9785477.1/SP/83057/3138/030618

**COUNSEL FOR TRANS UNION LLC**

*/s/ J. Anthony Love*
**J. ANTHONY LOVE**
Florida Bar No. 0067224
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: tlove@kslaw.com
**COUNSEL FOR EQUIFAX INFORMATION SERVICES LLC**

*/s/ Erika Stephanie Handelson*
**ERIKA STEPHANIE HANDELSON**
Florida Bar No. 00 91133
**JONES DAY**
600 Brickell Avenue
Suite 3300
Miami, Florida 33131
Telephone: (305) 714-9700
Facsimile: (305) 714-9799
Email: ehandelson@jonesday.com
**COUNSEL FOR EXPERIAN INFORMATION SOLUTIONS, INC.**

17

## CERTIFICATE OF SERVICE

      I hereby certify that on March 6, 2018, the foregoing document is being served on all counsel of record identified on the below Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

                              */s/ Franklin G. Cosmen, Jr.*
                              **FRANKLIN G. COSMEN, JR.**

9785477.1/SP/83057/3138/030618

## SERVICE LIST

DOMINIQUE PIERRE v. TRANS UNION, LLC, *et al*

**CASE NO. 1:17-CV-24345-KMW**

United States District Court, Southern District of Florida, Miami Division

Niles Fraser Schuh, III
nfschuhlaw@yahoo.com
Law office of N. Fraser Schuh
704 S.E. 3rd Avenue Ext.
Hallandale Beach, FL 33009
(786) 389-4134
(954) 455-2217 Fax
*Counsel for Plaintiff*

Brian C. Frontino
bfrontino@stroock.com
Stroock & Stroock & Lavan LLP
200 S. Biscayne Blvd., 31st Floor
Miami, FL 33131
(305) 358-9900
(305) 789-9302 Fax
*Counsel for American Express Bank, FSB*

Erika Stephanie Handelson
ehandelson@jonesday.com
Jones Day
600 Brickell Avenue, Suite 3300
Miami, FL 33131
(305) 714-9700
(305) 714-9799 Fax
*Counsel for Experian Information Solutions, Inc.*

John Anthony Love
tlove@kslaw.com
King & Spalding
1180 Peachtree Street NE
Atlanta, GA 30309
(404) 572-4600
*Counsel for Equifax Information Services, LLC*

9785477.1/SP/83057/3138/030618