UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALINA SCHUH,                                          CASE NO. 1:17-24345-WILLIAMS

       Plaintiff,

vs.

AMERICAN EXPRESS BANK, FSB,
*et al.*,

       Defendants.
_____/

### MOTION TO DISMISS OF DEFENDANT AMERICAN EXPRESS BANK, FSB

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant American Express Bank, FSB ("American Express") hereby files this Motion to Dismiss the Amended Complaint (the "Complaint") filed by plaintiff Alina Schuh ("Plaintiff").

### I.     INTRODUCTION

Fatal to her claim that American Express violated the Fair Credit Reporting Act, 15 U.S.C. 1681, et seq. (the "FCRA"), Plaintiff has not identified in the Complaint any factual inaccuracy in American Express's reporting of her credit card account to TransUnion, Equifax or Experian (collectively, the "CRAs").  Rather, as explained below, Plaintiff relies on a legal dispute over the outcome of American Express's collection action against her and labels it an "inaccuracy."  In so doing, Plaintiff fails to account for the clear authority that neither American Express nor the CRAs must resolve legal disputes when conducting a reasonable investigation of, and responding to, Plaintiff's credit reporting disputes to the CRAs.

In 2012, American Express filed suit against Plaintiff to recover unpaid sums on her American Express credit card account.  On a procedural issue, the court dismissed the lawsuit

against American Express without considering the merits of American Express's claim (and American Express indeed had moved for summary judgment). Citing a Florida Rule of Civil Procedure, Plaintiff argues that the state court's dismissal order on a procedural matter cancelled her debt to American Express and, as a result, American Express may no longer report her account balance to the CRAs as outstanding. Such legal disputes, however, cannot form the basis of a FCRA claim. Rather, to establish a FCRA claim, a Plaintiff must identify a <u>factual</u> inaccuracy, not a legal dispute. CRAs and furnishers of information to CRAs, like American Express is alleged to be here, need not resolve legal arguments in conducting a reasonable investigation when responding to a consumer credit reporting dispute under the FCRA.

Aside from this failure to allege a factual inaccuracy under the FCRA, another District Court confronting a very similar issue unequivocally concluded that, while a state court involuntary dismissal may deprive a lender of a judicial mechanism for recovering a debt, it does not erase the underlying indebtedness. See <u>Dawe v. Capital One Bank</u>, 456 F. Supp. 2d 236, 238-42 (D. Mass. 2006). For this reason, even if American Express could not pursue its same collection claim, which it does not concede, Plaintiff's debt to American Express remains outstanding and American Express may certainly continue to report it to the CRAs. For these reasons, Plaintiff's FCRA claim must be dismissed and, because there is no amendment that could cure its defects, without leave to amend.

Plaintiff also asserts that American Express violated the Florida Consumer Collection Practices Act, Florida Statutes sections 559.55-559.785 (the "FCCPA"), solely based on her allegation that American Express continued to report her credit card account as delinquent to the CRAs. The FCRA, which exclusively governs the credit reporting activities of furnishers of credit information, as American Express is alleged to be here, expressly preempts such claims.

LA 52152773

Plaintiff does not allege any other conduct in support of her FCCPA claim against American Express. Thus, her claim that American Express violated the FCCPA must also be dismissed as a matter of law, without leave to amend.

## II.     ALLEGATIONS OF THE COMPLAINT

In March 2012, American Express filed suit against Plaintiff in Miami-Dade County Court to collect unpaid sums due on Plaintiff's American Express credit card account (the "Account") in the amount of $12,255.48. (Compl. ¶ 14.) On August 11, 2016, the court entered an Order of Dismissal (the "Dismissal Order"), dismissing the action when American Express did not submit a mediation form by a deadline the court set in a prior order granting American Express's Motion of Good Cause. (Id. ¶ 17, Ex. 1.) Although American Express had filed a motion for summary judgment, the court had not yet addressed the merits of American Express's collection claim against Plaintiff. (Id. & Ex. 1.) Though the Dismissal Order does not cite to any rule, Plaintiff contends that it was entered pursuant to Florida Rule of Civil Procedure 1.420(b) and therefore constitutes an adjudication on the merits. (Id. ¶ 19 & Ex. 1.) Thereafter, Plaintiff sought her attorneys' fees as the "prevailing party" and American Express agreed to settle Plaintiff's claim for fees for $2,500.00. (Id. ¶ 22 & Ex. 3.) Plaintiff now asserts that the consequence of the Dismissal Order is that her debt to American Express was rendered "non-existent." (Id. ¶¶ 27, 36.)

After the state court entered the Dismissal Order, Plaintiff allegedly applied for a credit card and was only able to obtain a cash-backed, fully secured credit card, purportedly due to American Express's continued reporting of the delinquent Account status. (Id. ¶ 25.) Plaintiff thereafter disputed the reporting with the CRAs, which all responded to Plaintiff that the reporting had been verified as accurate. (Id. ¶¶ 32-35.)

Based on the foregoing allegations, Plaintiff asserts three claims against American Express.  <u>First</u>, Plaintiff alleges that American Express violated the FCCPA by failing to correct its allegedly inaccurate reporting.  (<u>Id.</u> ¶¶ 39-42.)  <u>Second</u>, Plaintiff alleges that American Express violated Section 1681s-2(b) of the FCRA by failing to conduct a reasonable investigation with regard to the disputed reporting of the Account and asserts two claims thereunder based on the same allegations – one for a willful violation and one for a negligent violation.  (<u>Id.</u> ¶¶ 43-54.)

### III.   ARGUMENT

**A.   Standard On A Motion To Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory."  A motion to dismiss a prayer for a specific type of damages also is properly designated as a motion under Rule 12(b)(6).  <u>Craine v. Int'l Longshoremen's Ass'n</u>, No. 307-CV-72J-32HTS, 2007 WL 2010783, at *1 (M.D. Fla. July 6, 2007).

With respect to legal theories asserted in a Complaint, the United States Supreme Court further clarified the standard applicable to Rule 12(b)(6) motions in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677 (2009), and <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 571-72 (2007).  Under <u>Twombly</u>, a plaintiff must provide the grounds for his entitlement to relief in the complaint, a burden that "requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do."  <u>Twombly</u>, 550 U.S. at 555.  Facts that are "merely consistent with" a defendant's liability, are insufficient to meet this burden.  <u>Iqbal</u>, 556 U.S. at 678. Instead, a complaint must contain facts supporting "the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u>  Moreover, assumptions and conclusions "couched as [] factual allegation[s]" are not entitled to a presumption of truth on a motion to dismiss.

- 4 -

Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

As explained in more detail below, Plaintiff's Complaint does not meet the aforementioned standards and it should therefore be dismissed without leave to amend.

**B.     Plaintiff's Claim For Violation Of The FCRA Fails.**

    **1.     Plaintiff's Legal Dispute Over The Status Of Her Debt To American Express Cannot Form The Basis Of The "Inaccuracy" Element Of A FCRA Claim.**

Section 1681s-2(b) of the FCRA exclusively governs the responsibilities of furnishers of credit information, like American Express is alleged to be here, upon receiving notice of a consumer's dispute regarding the completeness or accuracy of any information the furnisher provides to a CRA. A threshold requirement to state a claim under Section 1681s-2(b) are allegations sufficient to establish that the furnisher of information reported inaccurate information. Davidson v. Capital One, N.A., No. 14-20478-CIV, 2014 WL 6682532, at *4 (S.D. Fla. Nov. 25, 2014) ("But to interpret the FCRA to create liability for the failure to conduct a reasonable investigation when the disputed information is accurate would do violence to the primary goal of the FCRA: to promote the accurate reporting of credit information to CRAs."); Pagazani v. Equifax Info. Services, LLC, No. 15-CV-61467, 2016 WL 7508251, at *5 (S.D. Fla. Feb. 17, 2016) ("An FCRA plaintiff must prove one of two theories—either that the challenged information is incorrect or that it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.") (quotations omitted); Chiang v. Verizon New England Inc., 595 F.3d 26, 37-38 (1st Cir. 2010) ("The FCRA is intended to protect consumers against the compilation and dissemination of inaccurate credit information." (emphasis in original)).

Critically, it is Plaintiff's burden to prove the existence of a <u>factual</u> inaccuracy rather than the existence of a disputed legal question. <u>Id.</u> at 38.  In <u>Chiang</u>, the First Circuit emphasized that "just as in suits against CRAs, a plaintiff's required showing is factual inaccuracy, rather than the existence of disputed legal questions.  Like CRAs, furnishers are neither qualified nor obligated to resolve matters that turn on questions that can only be resolved by a court of law." <u>Id.</u> (internal citations and quotations omitted).

Florida District Courts agree.  For instance, in <u>Leones v. Rushmore Loan Mgmt. Serv., LLC</u>, No. 0:17-CV-61266-WPD, 2017 WL 6343622, at *3 (S.D. Fla. Dec. 11, 2017), Judge Dimitrouleas very recently held that plaintiff there had alleged "at best a legal defense to the debt, not a factual inaccuracy in [defendant's] reporting.  This is an insufficient basis for her asserted FCRA claims against a furnisher under § 1681s-2(b)."  <u>See also</u> <u>Arianas v. LVNV Funding LLC</u>, 132 F. Supp. 3d 1322, 1328 (M.D. Fla. 2015); <u>Davidson v. Capital One, N.A.</u>, No. 14-20478-CIV, 2014 WL 6682532, at *5 (S.D. Fla. 2014); <u>Bauer v. Target Corp.</u>, No. 8:12-cv-978, 2013 WL 12155951, at *13 (M.D. Fla. June 19, 2013).

Plaintiff asserts that American Express inaccurately continued to report the delinquent status of the Account following entry of the Dismissal Order, which she contends rendered her debt to American Express "non-existent."  (Compl. ¶¶ 27, 36.)  This, however, is a legal dispute, not an assertion that American Express reported <u>factually inaccurate</u> information.  Without the necessary threshold allegation of a factual inaccuracy, Plaintiff fails to state a claim for violation of Section 1681s-2(b) of the FCRA against American Express.

### 2. Plaintiff Continues To Owe Her Debt On The Account To American Express And, Therefore, American Express May Continue Reporting It.

Even if Plaintiff's legal dispute could form the basis of the required inaccuracy element of her FCRA claim, which it cannot, she still has no legal or factual support for her assertion that

the Dismissal Order, which resulted from a procedural issue, equates to a judgment entered by a court after consideration of the actual merits of the claim asserted (or an affirmative defense thereto).  It is indisputable that the Miami-Dade County Court did not reach the merits of American Express's collection lawsuit against Plaintiff to recover unpaid sums on the Account.  While the Dismissal Order, as an adjudication on the merits as Plaintiff alleges, may preclude American Express from refiling the same claim against Plaintiff, which American Express does not concede, it does not mean that the Miami-Dade County Court actually rendered a decision on the merits of whether Plaintiff owed money to American Express and, after such an assessment, ordered her to pay the debt or that she need not do so.

The District Court of Massachusetts addressed a similar issue in Dawe v. Capital One Bank, 456 F. Supp. 2d 236 (D. Mass. 2006).  There, Capital One filed an action in state court to collect plaintiff's unpaid debt.  Id. at 238.  The state court ultimately entered an involuntary dismissal due to Capital One's discovery violations.  Id. at 239.  Like American Express is alleged to have done here, Capital One continued to report the debt as unpaid to the CRAs, notwithstanding the court's involuntary dismissal of its collection action.  Id.  Plaintiff filed suit in the District of Massachusetts, asserting that Capital One violated the FCRA by continuing to report plaintiff's debt as outstanding because it was precluded from asserting the debt's continuing validity given the court's involuntarily dismissal of Capital One's collection lawsuit.  Id.  The Court unequivocally held that "the state court dismissal—though it may deprive Capital One of a judicial mechanism for recovering the loan—does not erase Dawe's underlying indebtedness."  Id. at 242.  In reliance upon a United States Supreme Court opinion, the District of Massachusetts further stated:  "[I]t is clear that an 'adjudication upon the merits' is not synonymous with the actual litigation and determination of the facts of a case."  Id. at 241 n.3

(citing Semtek Int'l, Inc. v. Lockheed Martin Corp., 531 U.S. 497, 498, 121 S. Ct. 1021, 149 L. Ed. 2d 32 (2001). This is precisely what Plaintiff argues here, and it should be rejected as it was in Dawe.

As the CRAs likewise set forth in their Motion to Dismiss the first Complaint (D.E. 9), this is analogous to the context in which a lender is precluded from filing a claim to collect a debt barred by the applicable statute of limitations. Under such circumstances, operation of the statute of limitations is to eliminate the judicial remedy, not extinguish the underlying indebtedness. See, e.g., Budhi v. BAC Home Loans Servicing, L.P., No. 11-cv-2785, 2012 WL 1677253, at *6 (N.D. Ga. May 11, 2012) (bank did not err in verifying debt's existence because the obligation "is not extinguished by expiration of the statute of limitations, even though the debt is ultimately unenforceable in a court of law"); Saylor v. Pinnacle Credit Servs., 118 F. Supp. 3d 881, 886 (E.D. Va. 2015) ("the running of the statute of limitations merely bars the creditor's remedy but does not extinguish the debt"); Walker v. Cash Flow Consultants, Inc., 200 F.R.D. 613, 616 (N.D. Ill. 2001) ("the statute of limitations bars a specific remedy; it does not extinguish the indebtedness"). Applying this reasoning, Plaintiff's debt to American Express on the Account remains even if she is correct that Dismissal Order bars a future claim (which American Express does not concede).

As these authorities make clear, the state court Dismissal Order does not have the effect that Plaintiff would like it to have -- elimination of her debt on the Account to American Express. Accordingly, American Express's continued reporting of the Account to the CRAs cannot form the basis of her purported FCRA claim.

LA 52152773

**C.      The FCRA Expressly Preempts Plaintiff's FCCPA Claim Because It Solely Is Based On American Express's Challenged Reporting Of The Account To The CRAs.**

As mentioned above, Section 1681s-2(b) of the FCRA exclusively governs the responsibilities of furnishers of credit information, like American Express is alleged to be here, upon receiving notice of a consumer's dispute regarding the completeness or accuracy of any information the furnisher provides to a CRA.  In turn, the FCRA then expressly preempts state laws that purport to simultaneously regulate the credit reporting responsibilities of furnishers of credit information, as Plaintiff alleges American Express is here.  (Compl. ¶¶ 31, 45, 51.)  In pertinent part, 15 U.S.C. § 1681t(b) provides:

> No requirement or prohibition may be imposed under the laws of any State –
>
> (1) with respect to any subject matter regulated under – . . .
>
> (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . .

15 U.S.C. § 1681t(b)(1)(F).

Indeed, when interpreting this provision of the FCRA, Florida Courts have held that the FCRA preempts the FCCPA.  See, e.g., Kanarick v. Santander Consumer USA, Inc., No. 9:13-cv-80030, 2014 WL 12464922, at *9 (S.D. Fla. Aug. 22, 2014) ("Because Plaintiff's FCCPA claim is based on [defendant's] reporting of debts to credit reporting agencies, her claim under the FCCPA is preempted by the FCRA"); Bauer v. Target Corp., No. 8:12-cv-978, 2012 WL 4054296, at *4 (M.D. Fla. Sept. 14, 2012) ("Plaintiff's state statutory claims under the FCCPA are expressly preempted by the corresponding federal debt statute, the FCRA."); Osborne v. Vericrest Fin., Inc., No. 8:11-CV-716-T-30TBM, 2011 WL 1878227, at *3 (M.D. Fla. May 17, 2011) ("Defendant's motion to dismiss based on preemption is granted to the extent that the FCCPA claim is premised on credit reporting activity.").

As an initial matter, Plaintiff claims that American Express violated Sections 559.55(6) and (9) of the FCCPA, which is nonsensical given that those sections merely define "debt" and "Federal Fair Debt Collection Practices Act." They do not set forth substantive requirements or prohibitions under the FCCPA. Regardless, even if Plaintiff alleged some actual substantive provision of the FCCPA that provides a basis for liability, her claim is preempted because it is based solely on the same set of facts that support Plaintiff's FCRA claims -- that American Express reported inaccurate information about the Account to the CRAs. (Compl. ¶¶ 40-41.) Accordingly, because Plaintiff's FCCPA claim is premised solely on American Express's credit reporting activities that form the basis of her FCRA claims, it is preempted by the FCRA and must be dismissed without leave to amend.

## IV. CONCLUSION

American Express respectfully requests that this Court enter an Order granting this Motion and dismissing this action in its entirety without leave to amend as to American Express.

Dated:  March 7, 2018.

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
200 South Biscayne Boulevard, Suite 3100
Miami, Florida 33131
Telephone:  (305) 358-9900
Facsimile:  (305) 789-9302
Email: lacalendar@stroock.com

By:  /s/ *Alisa M. Taormina*
Brian C. Frontino
Florida Bar No. 95200
bfrontino@stroock.com
Alisa M. Taormina
Florida Bar No. 070848
ataormina@stroock.com

Attorneys for Defendant
   *American Express Bank, FSB*

LA 52152773

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 7, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record.

*/s/ Alisa M. Taormina*
Alisa M. Taormina

LA 52152773